

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Attention: Mr. Pat Moulden

Dear Sir:

Opinion No. O-4201
Re: 1. Does the delinquent tax
contract, entered into by
Calhoun County and a delin-
quent tax attorney, include,
within its terms and pro-
visions, the collection of
drainage district taxes?

2. Was the Commissioners Court
of Calhoun County authorized
to enter into a contract for
the collection of delinquent
drainage district taxes?

Your written request for an opinion from this de-
partment has been received and considered. We quote from
your request:

"For the information of Mr. J. D. O'Neil,
Tax Assessor and Collector of Calhoun County and
Mr. Ross Terry, who has a contract with the Com-
missioner's Court of said county for the collec-
tion of delinquent state and county taxes, and I
might say for ourselves as well, we are asking
your opinion if the Calhoun County Contract, dup-
licate original hereto attached, properly applies
to and includes delinquent taxes of drainage
districts in said county. The contract is drawn

on our standard form prepared for the purpose of collecting delinquent State and County taxes, and is properly filled out and approved.

"I am enclosing herewith a letter from Mr. Terry. In the first paragraph of his letter he quotes a part of Section 1 of our standard form of contract having reference to the kind of tax the contract applies, excepting only delinquent taxes of independent school districts and incorporated cities and towns. In the second paragraph he makes explanation as to the drainage districts and the management of same. In the third paragraph as requested by Mr. O'Neil, he makes inquiry whether the Commissioner's Court of Calhoun County has authority to let a contract for the collection of delinquent taxes owing to such a drainage district."

Attached to your request is a letter which gives some additional information. We quote some pertinent parts of said letter, which reads as follows:

"The writer is now employed by Calhoun County to collect delinquent State and County taxes, and such contract has been approved by the Comptroller and Attorney General. Section 1 thereof provides in part that contractor shall collect 'all delinquent taxes, penalty and interest (except taxes of independent school districts and incorporated cities and towns ) due any and all political subdivisions or defined districts of said county and State which the County Tax Collector receives and receipts for,'.

"There have been created in Calhoun County certain drainage districts, created and operating under the provisions of Chapter 7 of Title 128 of Vernon's Annotated Civil Statutes of 1925, and the Commissioners' Court of Calhoun County levies bond and maintenance taxes for such drainage districts, acts as a board of equalization for such districts, and the County Tax Collector of Calhoun

County assesses and collects such drainage districts' taxes and carries them upon the county tax rolls in the same manner that he carries taxes for the State, County, common school districts, road districts, etc.

"Mr. J. D. O'Neil, County Tax Assessor and Collector of Calhoun County has requested me to inquire of you whether the Commissioners' Court of Calhoun County has authority to let a contract for the collection of delinquent taxes owing to such a drainage district. There appears to be no ruling of the Attorney General upon this question, but I would like to call your attention to the fact that in Opinion No. O-1427 Attorney General Mann ruled that the Commissioners' Court was the proper body to contract for the delinquent taxes owing to a common school district. This opinion is cited, because the Statutes relating to the taxes of common school districts and the provisions of Chapter 7 of Title 128 relating to drainage districts are very similar, and, in some cases the wording is identical. For this reason it is believed by the writer that Opinion No. O-1427 is strongly persuasive on the question here presented.

". . .

"Inasmuch as there is no ruling of the Attorney General directly in point upon this question, it will be very much appreciated if you will submit the matter to the Attorney General in order that the County Tax Collector of Calhoun County may have such opinion for his guidance in the administration of the above mentioned contract."

You have also attached to your request a copy of the delinquent tax contract entered into between the Commissioners Court of Calhoun County and Ross Terry. It is the standard form of delinquent tax contract used and approved by the Comptroller and the Attorney General.

We quote from paragraph 1 on page 2 of said contract:

"First party agrees to employ and does hereby
employ second party to enforce by suit or other-
wise, and to aid and assist the local officers
in the enforcement of the collection of all delin-
quent State and county ad valorem taxes, penalty
and interest, and all delinquent taxes, penalty
and interest (except taxes of independent school
districts and incorporated cities and towns) due
any and all political subdivisions or defined
districts of said county and State which the
county tax collector receives and receipts for,
under the provisions of Articles 7254 and 7257,
R. S. 1925, and shown to be delinquent upon the
delinquent tax records of said county from 1919
to the date of the termination of this contract
. . ."

Article 7254, R. C. S., 1925, reads:

"The tax collector shall be the receiver
and collector of all taxes assessed upon the tax
list in his county, whether assessed for the State
or county, school, poor house or other purposes;
and he shall proceed to collect the same according
to law, and place the same when collected to the
proper fund, and pay the same over to the proper
authorities, as hereinafter provided."

Article 7257, R. C. S., 1925, as amended, pro-
vides:

"The tax assessor and collector or his
deputy, whenever any tax is paid, shall give to
the person paying the same a receipt therefor,
specifying the amount of State, county and dis-
trict taxes, and the year or years for which
such tax was assessed; . . . Said receipt shall
have a duplicate to be retained by the assessor
and collector. . . . The assessor and collector,
when any taxes are paid, shall credit same on the
rolls in the manner and form prescribed by the
Comptroller of the State of Texas; . . ."

Chapter 7 of Title 128 of Vernon's Civil Statutes of Texas (Articles 8097 to 8193, inclusive) deals with the creation and operation of the drainage districts. Article 8136 of said chapter provides for the commissioners court to annually levy and cause to be assessed and collected sufficient taxes to pay the interest on bonds voted and issued and to retire the same at maturity. Article 8138, supra, provides that at the same time the bond levy is made the commissioners court shall levy and cause to be assessed and collected a maintenance tax to meet the cost of operation and maintenance of said district. Article 8140, supra, provides:

"In the assessment and collection of the taxes authorized hereunder, and in all matters pertaining thereto or connected therewith, the county tax assessor and collector shall have the same powers and shall be governed by the same rules, regulations and proceedings as provided for the assessment and collection of State and county taxes, unless otherwise herein provided. The Court shall constitute a board of equalization for such district, and all laws governing boards of equalization for State and county taxing purposes shall govern such district board. (Acts 1914, p. 63.)"

Article 8142 makes the regular county assessor the assessor of such district and when required by the court that assessor shall assess the property in the district and deliver said rolls to the commissioners court for examination and correction of errors. The refusal of the county assessor to perform this duty makes said officer liable to be removed from office. Article 8143, supra, makes it the duty of the regular county tax collector to collect the district taxes and said article provides that the court may require him to furnish an additional bond and his refusal to comply therewith makes said officer liable to be removed from office. Article 8144, dealing with delinquent drainage district taxes, provides:

"The collector shall make a certified list of all delinquent property upon which the drainage tax has not been paid, and return same to the Court, which shall proceed to have the same collected by the sale of such property in the same manner provided by law for the sale of property

for the collection of State and county taxes.
The commissioners may purchase any property
so sold, for the benefit of the district."

Article 8145, supra, provides that the district may hold
an election, in the manner provided, to determine if the
district shall have its own separate assessor and collector
and a separate board of equalization for the assessment
and collection of district taxes. If two-thirds of the
voters vote for such proposition, then the statute provides:

". . . The court shall appoint a suitable
person as assessor and other such person as
collector, and they shall give bond and exer-
cise the same powers and perform the same duties
as provided herein for the county assessor and
collector; and the commissioners shall exercise
all of the powers herein conferred upon said court
with relation to the equalization of taxes. The
general laws relating to the assessment, collection
and equalization of taxes, so far as applicable,
shall apply to the assessment, collection and
equalization of district taxes."

This department in Opinion No. O-1427 held that
the commissioners court of a county had authority to enter
into a contract with a delinquent tax attorney to collect
delinquent common school district taxes provided the proper
school authorities had by proper order or resolution and
pursuant to Article 1042b, Vernon's Civil Statutes of
Texas, authorized the county assessor and collector to
assess and collect the taxes for said common school district.
Said opinion likewise held that the county assessor and
collector could pay the delinquent tax attorney's lawful
commissions directly to him. A copy of Opinion No. O-1427
is enclosed for your assistance and consideration.

Under the facts submitted with your request we
assume that the regular county assessor and collector is
assessing and collecting the drainage district taxes and
that the Commissioners Court of Calhoun County is acting as
the Board of Equalization for such drainage districts and

that no election, under authority of Article 8145, supra, has been held to authorize the appointment of a separate assessor, a separate collector of said drainage district taxes and making the district commissioners the Board of Equalization for each of said districts.

You are, therefore, advised that it is our opinion, under the facts submitted by you, that the delinquent tax contract, a copy of which is enclosed by you, entered into between the Commissioners Court of Calhoun County and Ross Terry, on the 9th day of June, 1941, includes within its terms and provisions the collection of delinquent drainage district taxes. You are likewise advised that, under the facts submitted by you, the Commissioners Court of said county was duly authorized to enter into such delinquent tax contract.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

FILED NOV 7, 1941

HM:FC



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN